UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Dwight Day, | ) | C/A No.: 5:14-cv-04318-BHH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On November 6, 2014, Petitioner filed a Petition for Writ of Habeas Corpus. ECF No. 1. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kaymani West for pretrial handling. On March 11, 2015, Respondent filed a Return and Motion for Summary Judgment. ECF No. 21, 22. In the Motion, Respondent argues that the four issues raised in the Petition were procedurally defaulted and barred from review. ECF No. 21 at 13-14. The issues raised in the Petition include:

> Ground One:  Self-Incrimination violation under Due Process Clause of the 5th Amendment—Ineffective Assistance of Counsel.
> Ground Two:  Insufficient evidence to prove 16-3-655(1).
> Ground Three:  PCR Counsel was ineffective [for] not raising Issue on Judge's failure to grant directed verdict of innocence.
> Ground Four:  PCR counsel was ineffective—failed to preserve for record inconsistent testimony given by alleged victim.

ECF No. 1 at 5, 7, 8, 10.

Rather than substantively responding to Respondent's Motion, on March 26, 2015, Petitioner filed what was docketed as a Response to Summary Judgment, ECF No. 26, and a Motion to Remand. ECF No. 27. Specifically, Petitioner "respectfully ask[s] that this Honorable

Court send the [] four issues back to state PCR Court in order that the state may have a chance to rule on them." *Id.* Respondent responded to Petitioner's Motion, ECF No. 29, and maintains that Petitioner essentially asked the court to stay and abey his case. Further, Respondent indicates that he opposes a Motion to Stay and Abey because Petitioner, having previously exhausted his state PCR action, has no available state court remedy. *Id.* at 4. In Reply, Petitioner appears to change his request for remand to a Motion to Stay and Abey. ECF No. 31.

To the extent Petitioner's Motion is construed as a Motion to Remand, it is denied. This habeas case originated in federal court, and the undersigned cannot remand it to state court. The only available remedy for Petitioner would be for the court to stay and abey his habeas case, while Petitioner returns to state court to exhaust claims. In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court instructs that

> [G]ranting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Here, Petitioner already filed a PCR application and had a PCR hearing in state court. Thereafter, his PCR action was dismissed with prejudice and dismissed on appeal. Therefore, Petitioner has already exhausted his available state court remedies and has not demonstrated why filing a second PCR action would not be futile. Therefore, Petitioner's Motion to Stay and Abey is denied on this basis.

The court has not yet ruled on Respondent's Motion and the arguments therein, including whether the Grounds are barred from habeas review or were procedurally defaulted. Though docketed as a Response in Opposition to Summary Judgment, ECF No. 26 is actually a request

that the court remand issues to the State PCR Court. Therefore, Petitioner is instructed to file a substantive Response to Respondent's Motion for Summary Judgment, ECF No. 22. In his Response, Petitioner is instructed to address whether Grounds One and Two are procedurally barred from review by indicating when he attempted to raise them in state court. Additionally, Petitioner is instructed to fully address all Respondent's non-procedural arguments. **Petitioner is instructed to file a Response no later than July 17, 2015.**

    IT IS SO ORDERED.

June 12, 2015                                Kaymani D. West
Florence, South Carolina               United States Magistrate Judge