IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Dwight Day, #318713 | ) | C/A No. 5:14-4318-BHH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Michael Dwight Day ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 21, 22. On March 11, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 23. On April 16, 2015, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, and on July 15, 2015, Petitioner filed another Response after the court's instruction. ECF No. 30; 35.[1] Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be granted.

---

[1] Petitioner initially filed a Response to the Motion for Summary Judgment on March 26, 2015. *See* ECF No. 26. However, this Response was actually a request that the court remand issues to the State PCR Court. *See id.*; ECF No. 32. Therefore, the undersigned will not consider this "Response" in reviewing the Motion for Summary Judgment.

I.     Background

Petitioner is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 2006, Petitioner was indicted at the October term of the Lexington County Grand Jury for first-degree Criminal Sexual Conduct ("CSC") with a Minor (2006-GS-32-3249). App. 345.[2] Attorney John E. Cheatham represented Petitioner in a trial that convened from November 6-9, 2006, and Assistant Solicitors Shannon H. Heath and Angela Avenger represented the State. App. 1. After waiving his right to a jury trial, Petitioner received a bench trial before the Honorable R. Knox McMahon. *Id.* After the trial, Judge McMahon found Petitioner guilty as charged and sentenced Petitioner to thirty years imprisonment for the conviction. App. 7; 274; 280.

Petitioner's trial counsel filed a Notice of Appeal on Petitioner's behalf. ECF No. 21-2. Appellate Defender Eleanor Duffy represented Petitioner on appeal, and in his appellate brief, Petitioner raised the following issue:

> Whether the trial judge erred in admitting the videotape of the minor victim describing the alleged sexual abuse since the evidence was inadmissible hearsay that did not fall under the exception found in SCRE Rule 801(D)(1)(d) and since the evidence was not admissible under S.C. Code Ann. 17-23-175 (Supp. 2007), which was not effective until July 1, 2006, and specifically did not apply to pending actions?

*Id.* at 4. Assistant Attorney General William M. Blitch filed a brief on behalf of the State. ECF No. 21-4. The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion filed May 18, 2009. App. 343. There, the court found that section 17-23-175 of the South Carolina Code applied to cases tried after the date of its enactment because

---

[2] Citations to "App." refer to the Appendix for Petitioner's trial transcript and his claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF No. 21-1 in this habeas matter.

section 17-23-175 did not repeal or amend any existing law. *See id.* Based on the *ex post facto* finding, the appellate court did not address whether evidence was wrongly admitted because "the resolution of [the application of 17-23-175 was] dispositive." *Id.* On June 4, 2009, Petitioner filed a Petition for Rehearing, ECF No. 21-5, and on June 30, 2009, the appellate court denied rehearing the appeal, ECF No. 21-6. Thereafter, Petitioner filed a Petition for Certiorari "to the Court of Appeals" on August 28, 2009. ECF No. 21-7. The State filed a Return to the Petition for Certiorari on September 8, 2009. On April 8, 2010, the South Carolina Supreme Court denied the Petition for Writ of Certiorari and the Court of Appeals issued a Remittitur on April 12, 2010, returning the case file to the Lexington Clerk's Office. ECF No. 21-9; 21-10.

## II.    Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on May 19, 2010 (2010-CP-32-2119). App. 282-89. Petitioner asserted the following allegations, recited verbatim, regarding his claims:

   a)  Ineffective assistance of trial counsel.
   b)  Multiple Violations of Due Process.
   c)  Trial Counsel's failure to challenge hearsay testimony.

Petitioner asserted the following facts supported his grounds:

   a)  Trial counsel neglected to investigate and present DNA issues.
   b)  Sufficiency of evidence through ineffectiveness of counsel.
   c)  Trial counsel failed to address certain issues during the course of trial.

App. 284. Assistant Attorney General A. Lee West filed a Return on behalf of the State. App. 290-93. A PCR hearing convened on May 18, 2011, before the Honorable William P. Keesley. App. 294-336. Petitioner was present and represented by Aaron J. Kozloski, Esq., and David Spencer, Esq., appeared on behalf of the State. *Id.* In an Order dated September 12, 2011, the

PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony presented at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (2003).

> ### Ineffective Assistance of Counsel and Involuntary Plea

> Applicant makes various allegations of ineffective assistance of counsel. The burden of proof is on the applicant in a PCR proceeding to prove the allegations in his application. Bell v. State, 321 S.C. 238, 467 S.E.2d 926 (1996); Rule 71.1(e), SCRCP.

> For the applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Judge v. State, 321 S.C. 554, 471 S.E.2d 146 (1996). In order to prove prejudice, an applicant must show that but for counsel's errors, there is a reasonable probability the result at trial would have been different. Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Where trial counsel articulates a valid reason for employing certain trial strategy, such conduct should not be deemed ineffective assistance of counsel. Roseboro v. State, 317 S.C. 292, 454 S.E.2d 312 (1995); Stokes v. State, 308 S.C. 546, 419 S.E.2d 778 (1992).

> This Court will now address each allegation of ineffective assistance of trial counsel below:

> **Impermissible hearsay**

> Applicant claims counsel failed to object to impermissible hearsay. This Court finds the claim unsupported. First, Applicant has a fundamental misunderstanding as to what hearsay is. Applicant testified he believes a witness must have been present during the commission of the alleged crime and if not, all the witness's testimony will be hearsay. Applicant fails to grasp that hearsay is basically testimony by a witness as to what another person said out of court. Applicant was

4

unable to make any specific cites to alleged impermissible hearsay. Applicant alleged Cindy F_____ testimony was impermissible hearsay, but in reviewing the record, this Court did not find any objectionable hearsay elicited from F_____ except one instance where counsel did object and his objection was sustained. Applicant failed to meet his burden of showing counsel's performance was deficient and further, Applicant failed to prove prejudice. This allegation is denied.

### Failure to investigate, lack of evidence

Applicant alleges counsel was deficient for failing to investigate and produce evidence, such as DNA evidence. Applicant seems to also be arguing that evidence was insufficient to convict him. Applicant believes an accused cannot be convicted of a crime based solely on the testimony of the purported victim. As to that belief, he is mistaken. Specifically, S.C. Code Ann. § 16-3-657 declares that a victim's testimony need not be corroborated.

Further, no evidence was presented that DNA evidence could be obtained. As is often the case in prosecutions involving sexual abuse of a child, the incident was not reported by the victim until several years later. Further, the victim testified Applicant's sexual abuse was interrupted when victim's father entered the dwelling. Victim testified Applicant did not ejaculate. This Court notes Applicant gave a statement to law enforcement admitting to the incident, and other corroborating evidence was provided at trial. Applicant failed to provide any evidence to suggest that counsel failed to properly investigate the case or develop favorable evidence.

Accordingly, this Court finds Applicant failed to prove counsel's performance was deficient or that Applicant was prejudiced by any such deficiency. This Allegation is denied.

### Coerced statement

Applicant alleges he was coerced into giving a statement. The trial transcript refutes that claim and contains testimony from Applicant himself to the contrary. Applicant now says he did not mean that testimony in the way in was ~~read~~ stated and he felt coerced because law enforcement told him he had to give the statement or he would have everything taken away from him. This Court finds the Applicant's testimony at the hearing does not support a claim that his statement was coerced by law enforcement, nor would the testimony have resulted in his statement being suppressed at trial. Further, this Court does not find Applicant's testimony to be credible regarding his claim of coercion. During the trial, he testified he gave the statement of his own will and he was not threatened and

could not have been made to provide a statement. This Court finds Applicant failed to meet his burden of proving either prong of <u>Strickland</u>.

### Sentencing hearing

Applicant testified in the PCR hearing about a comment by the Solicitor that the victim stated he wished Applicant had received the death penalty. Since the death penalty was not applicable, as known by everyone present, the only reasonable conclusion was that the statement was hyperbolic and meant to express that the victim wanted Applicant to receive the maximum sentence. Applicant fails to show that this statement was objectionable or that Applicant was prejudiced by the Statement. He has therefore failed to meet his burden of proving counsel ineffective.

### Bench trial

Applicant testified about the decision to have a bench trial instead of a jury trial. No evidence was presented that counsel's performance was deficient in this regard. First, Applicant testified in the PCR hearing that the bench trial was his suggestion. Second, the trial attorney stated a strategic decision was made by the client, after consultation, based on the fact they perceived the jury pool to be unfavorable to their claim. The client and the attorney thought that they would have a better chance with a bench trial. The trial judge properly asked Applicant about his decision to waive a jury trial. His decision to do so was free and voluntary. Basically, it appears to this Court that Applicant is stating in hindsight he would have been better off with a jury trial, but this is pure speculation and not a proper ground for granting post-conviction relief. This Court finds Applicant has failed to prove either prong of <u>Strickland</u>.

### Any other allegations

As to any other issues that may not be specifically addressed in the PCR hearing, they are deemed abandoned by Applicant and not proven. Applicant was given numerous opportunities to fully state his claims. His testimony was extremely non-specific and generalized. Applicant failed to produce any witnesses or offer any other evidence from which the Court could conclude that the outcome of the case would likely have been different, had that evidence been developed.

### CONCLUSION

Based on the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this Application for Post-Conviction Relief must be denied and dismissed with prejudice.

This Court cautions the parties that in order to secure the appropriate appellate review, notice of appeal must be served and filed within thirty (30) days after receipt by counsel of notice of entry of this order. See Rules 203 and 243 of the South Carolina Appellate Court Rules. This Court notes that post-conviction relief counsel must advise an applicant of the right to seek appellate review of a post-conviction relief order. State v. Bray, 366 S.C. 137, 620 S.E.2d 743 (2005). Also, pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991), an applicant has a right to an appellate counsel's assistance in seeking review of the denial of post-conviction relief. Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, post-conviction relief counsel must serve and file a notice of appeal on an applicant's behalf.

**IT IS THEREFORE ORDERED:**

1.  The application for Post-Conviction Relief is denied with prejudice;

2.  The Applicant must be remanded to the custody of the Respondent.

App. 338-42. Appellate Defender Lanelle Cantey Durant filed a *Johnson*[3] Petition for Writ of Certiorari on Petitioner's behalf, dated July 16, 2012. ECF No. 21-12. Therein, he presented the following issue for review: "Did the PCR court err in failing to find trial counsel ineffective for not insuring that Day wanted the bench trial instead of the jury trial when the trial judge gave only a cursory review of his constitutional right to a jury trial?" *Id.* at 3. Additionally, Petitioner filed a pro se brief and raised the following issue, verbatim: "PCR counsel was ineffective when he fail to preserve the issue that trial counsel rendered ineffective assistance, whe trial counsel allow the Defendant to have a bench trial instead of a jury trial." ECF No. 21-13. The South Carolina Court of Appeals denied the petition, and issued the Remittitur on August 8, 2014. ECF Nos. 21-14, 21-15. This federal habeas Petition followed and was filed on November 6, 2014. ECF No. 1.

III.    Discussion

---

[3] *See Johnson v. State*, 364 S.E.2d 201 (1988).

A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus,

quoted verbatim:

> GROUND ONE: Self-Incrimination violation under Due Process Clause of 5th
> Amendment:  Ineffective Assistance of PCR Counsel.
> Supporting Facts: A pretrial motion to suppress Defendant's statement, trial
> counsel put Mr. Day on the stand and in doing so compelling him to testify against
> himself. The Prosecutor mentioned during trial and in closing that only verbal
> testimony was given. Alleged act occurred 5 yrs prior to being reported, and therefore
> had no material evidence at trial. Prosecutor clearly stated in closing that they had
> defendant's confession. Thereby gaining a conviction. ECF No. 1 at 5.
>
> GROUND TWO: Insufficient evidence to prove 16-3-655(1): Ineffect Assistance
> of PCR Counsel.
> Supporting Facts: No witness to alleged sexual misconduct
> No DNA evidence presented to say Defendant committed sexual battery.
> Alleged Incident reported 5 yrs after crime was supposed to have happened. *Id.* at
> 7.
>
> GROUND THREE:  PCR counsel was ineffective:  Not raising issue on Judge's
> failure to grant directed verdict of innocense.
> Supporting Facts: As a whole the case against Mr. Day at the time the state rested
> did not prove a reasonal doubt to defendent's guilt of crime. *Id.* at 8.
>
> GROUND FOUR:  PCR Counsel was ineffective; failed to preseve for record
> inconsistent testimony given by alleged victim. *Id.* at 10.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is

appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth

specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that

assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.  Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief

unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362,  (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

a.   Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). The Supreme Court has provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 563 U.S. 170 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 102. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." 131 S. Ct. at 786. In *Harrington*, the Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is

entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

### b. Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id*. at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted); *Pinholster*, 563 U.S. at 190.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 563 U.S. at 181. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 182. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id*. at 179. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id*. at 180. The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered

12

additional evidence that had not been available to the state courts. 563 U.S. at 181. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose." *Id.* at 182 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id*. (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id*.

### 2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has

appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief

in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as

follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A)    the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must

exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion

requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v.*

*Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by U.S. v. Barnette*, 644

14

F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply

16

with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default.

*Murray v. Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

III.     Analysis

A. Procedurally-Barred Grounds

As an initial matter, Respondent maintains that "all four [of Petitioner's habeas] claims are procedurally defaulted and neither Ground Three nor Ground Four state a claim upon which habeas corpus relief may be granted. ECF No. 21 at 13. In his habeas Petition, Petitioner represented that Grounds One, Three, and Four "have not been heard [because] PCR Counsel failed to raise and preserve [them] for record and future arguments." ECF No. 1 at 12. In his first Response, Plaintiff represents that Grounds One and Two were presented in the PCR appeal and were presented during the PCR hearing and cites to the pages within the PCR transcript where the issues appear. ECF No. 30. In his other Response, Petitioner argues the merits of grounds One and Two and maintains that Grounds Three and Four fall under *Martinez v. Ryan*.[4] ECF No. 35.

The undersigned finds that only Ground Two was raised in Petitioner's PCR Application. *See* App. 283-86. During the PCR hearing, Petitioner's PCR counsel informed the PCR court that Petitioner was presenting allegations of ineffective assistance of counsel for "failure to challenge hearsay testimony, neglect[ing] to investigate, and [failing to] present DNA evidence issues." App. 298. When questioned about the issues he was presenting on PCR, Petitioner agreed with PCR counsel that he was basically saying that "someone else's testimony alone is not enough to convict, that there's got to be more." App. 301. Additionally, Petitioner testified he

---

[4] 132 S. Ct. 1309 (2012).

18

felt pressured into giving a pre-trial statement because "[t]he detective told me that if I did not give him the statement that he wanted or that would get me under -- put me under arrest, I would lose everything. I would be sent to prison for as much time as they could give me, and I would lose my family." App. 303. Later, Petitioner testified that one witness [the victim's mother] was not present and "was not even on the property at the time of the alleged incident." App. 307.

In his PCR appeal, Petitioner's appellate counsel raised the issue of whether trial counsel was ineffective for failing to insure that Petitioner wanted a bench trial instead of a jury trial. ECF No. 21-12. Petitioner presented the same issues in his pro se brief to the court. ECF No. 21-13. Because none of Petitioner's habeas issues were presented in his PCR appeal, none of them are properly before the court. *See, e.g. Pickard v. Connor*, 404 U.S. 270, 276 (1976) ("We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts."); *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) ("[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court."); *Williams v. Warden*, No. 4:08-2312-SB, 2009 WL 3052487, at *13 (D.S.C. Sept. 23, 2009) (finding that because petitioner "did not properly present this claim to the state's highest court in a procedurally viable manner when he had the opportunity, and the state courts would find any attempt to raise the claim now to be procedurally improper, then the claim is procedurally barred from review in federal habeas corpus"). Therefore, the Petitioner is procedurally barred from raising Grounds One through Four in his habeas Petition. Nevertheless, Petitioner raises the case

of *Martinez v. Ryan* to support his assertion that Grounds Three and Four may proceed on the merits even though they are procedurally barred.  ECF No. 35 at 5.[5]

In *Martinez*, the Supreme Court reviewed a case where an Arizona state prisoner petitioned for writ of habeas corpus. *Id.* at 1310. Arizona, like South Carolina, requires "claims of ineffective assistance at trial to be reserved for state collateral proceedings." *Id.* at 1314. Martinez's attorney in his state collateral proceeding filed a notice for PCR, however, she later filed a statement "asserting she could find no colorable claims at all." *Id.* Ultimately, Martinez's PCR action was dismissed. *Id.* Later, with the assistance of new PCR counsel, Martinez filed a second notice for PCR where he raised several ineffective-assistance-of-trial-counsel claims. *Id.* However, the Arizona trial and appellate courts denied Martinez relief because he failed to raise his second PCR claims in the first PCR. *Id.* In his district court habeas petition, Martinez raised his ineffective-assistance-of-trial-counsel claims. *Id.* There, he argued that he should overcome any procedural hurdles related to these claims because his first PCR counsel was ineffective in failing to raise any claims in the first PCR action.  *Id.* at 1314-15.

There, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. In its analysis, the *Martinez* Court recognized that *Coleman v. Thompson*, 501 U.S. 722, 754 (1991), held:

---

[5] Petitioner does not argue that *Martinez* should excuse the procedural default of Grounds One and Two. *See* ECF Nos. 30, 35. However, even if Petitioner argued that *Martinez* should excuse the default of these issues, the undersigned finds this argument meritless. Grounds One and Two were raised to the PCR court's attention and ruled upon by it. *See* App. 339-40. Therefore, Petitioner's PCR counsel was not ineffective in failing to raise these issues on state collateral or PCR review.  Accordingly, *Martinez* cannot serve as a basis to excuse any procedural default on ineffective assistance of PCR counsel.

> [A]n attorney's errors during an appeal on direct review may provide cause to
> excuse a procedural default; for if the attorney appointed by the State to pursue
> the direct appeal is ineffective, the prisoner has been denied fair process and the
> opportunity to comply with the State's procedures and obtain an adjudication on
> the merits of his claims.

*Id.* at 1317. If a state requires a prisoner to raise ineffective assistance of trial counsel in a

collateral proceeding, the *Martinez* Court determined a prisoner may establish cause for a default

of an ineffective-assistance claim in the following two circumstances:

> [1] where the state courts did not appoint counsel in the initial-review collateral
> proceeding for a claim of ineffective assistance at trial [and 2] where appointed
> counsel in the initial-review collateral proceeding, where the claim should have
> been raised, was ineffective under the standards of *Strickland v. Washington,* 466
> U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a
> prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-
> counsel claim is a substantial one, which is to say that the prisoner must
> demonstrate that the claim has some merit.

*Id.* at 1318.

Petitioner appears to admit that Grounds Three and Four are procedurally defaulted from

habeas review, but Petitioner maintains that *Martinez* establishes "cause" for the default.

However, to overcome the default, *Martinez* requires Petitioner to demonstrate that the

underlying ineffective-assistance-of-counsel claim is substantial or has merit. *See id.*

   1. Ground Three-Ineffective Assistance of PCR Counsel, Failure to Raise Issue
      on Judge's Failure to Grant Directed Verdict

Petitioner argues that PCR counsel was ineffective in "not raising issue (sic) on judge's

failure to grant directed verdict of innocen[ce]." ECF No. 1 at 9. Thereafter, Petitioner maintains

"as a whole the case against Mr. Day at the time the state rested did not prove beyond a

reason[able] doubt to (sic) defendant's guilt of crime." *Id.* Initially, the undersigned notes that

whether there was sufficient evidence to convict Petitioner of the crime was raised to and ruled

upon by the PCR court. *See* App. 339. After the PCR court issued its order of dismissal, this issue was not raised on appeal. ECF No. 21-12. Therefore, the latter part of Petitioner's Ground Three argument is procedurally barred, and *Martinez* cannot serve to establish cause for the default.

It appears that Petitioner is attempting to raise the issue that PCR counsel failed to argue on collateral review that the trial court erred in failing to grant him a directed verdict based on innocence.[6] After the State presented its case in Petitioner's criminal trial, Petitioner's trial counsel "mov[ed] for a directed verdict of innocent, as the evidence taken as whole just leads to the conclusion that the State has not proven guilt of [Petitioner] as required by law." App. 213. The trial court denied the motion. *Id.*   The directed verdict issue was not raised during Petitioner's PCR hearing.  However, even if it were, trial court error is not a cognizable collateral review issue. *Roscoe v. State*, 546 S.E.2d 417, 419 (S.C. 2001) ("Allegations of trial court error are not cognizable on PCR."); *Stepney v. State*, 292 S.E.2d 41, 41 (S.C. 1982) ("Alleged errors which may be reviewed on direct appeal may not be asserted for the first time in post-conviction proceedings."); *see also Roach v. Warden of Kershaw Corr. Inst.*, No. 2:13-CV-00443-DCN, 2014 WL 1155359, at *14 (D.S.C. Mar. 20, 2014) *dismissed*, 583 F. App'x 253 (4th Cir. 2014) ("PCR counsel's failure to raise a trial court error does not amount to ineffective assistance of PCR counsel, as '[a]llegations of trial court error are not cognizable on PCR.'"); *Blakely v. Warden Broad River Corr. Inst.*, No. 4:07-2012-MBS, 2009 WL 250100, at *16 (D.S.C. Jan. 28, 2009) ("Also, this issue was raised in the petitioner's PCR proceeding in the context of a trial

---

[6] Though the directed verdict issue was not raised to the PCR court's attention, PCR counsel raised the issue of sufficiency of the evidence during the PCR hearing, and the PCR court specifically addressed the "lack of evidence" claim in its order of dismissal. App. 339.

court error and issues that relate to trial court error cannot be raised in state PCR proceedings absent a claim of ineffective assistance of counsel."). Because state collateral proceedings are not the proper avenue in which to address allegations of trial court error, the undersigned cannot find that PCR counsel erred in failing to raise the directed verdict issue to the PCR court's attention. Moreover, as argued by Respondent, a general claim for ineffective assistance of PCR counsel is not a viable ground warranting habeas relief. 28 U.S.C.A. § 2254 (i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Martinez*, 132 S. Ct. at 1315 (recognizing only "a narrow exception [to *Coleman*]: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."); *Green v. Bush*, No. 2:14-2405-MGL, 2014 WL 6983352, at *3 (D.S.C. Dec. 10, 2014) (citing U.S.C. 2254 (i)) *appeal dismissed*, 601 F. App'x 235 (4th Cir. 2015) *cert. denied*, No. 15-6858, 2016 WL 100619 (U.S. Jan. 11, 2016) (holding a Petitioner's allegation of ineffective assistance of his PCR counsel, "shall not be a ground for relief in a proceeding arising under section 2254.").

To the extent Petitioner seeks to invoke *Martinez* to allege his PCR counsel was ineffective for failing to raise the directed verdict issue, under the first requirement of the *Martinez* exception, Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir. 2013). Therefore, Petitioner must show that there is a reasonable probability that he would have received relief on his claim of ineffective assistance of trial counsel in his application for PCR if that claim had

23

been raised, and that his PCR counsel's failure to raise the claim during his PCR proceeding was objectively unreasonable. *Ford v. McCall*, No. 8:12–2266-GRA, 2013 WL 4434389, at *11 (D.S.C. Aug. 14, 2013) (citing *Horonzy v. Smith*, No. 11–234, 2013 WL 3776372, at *6 (D. Idaho Sept. 12, 2012) ("The application of the *Strickland* test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one."). Applying *Martinez* to the record and Petitioner's Ground Three, the undersigned finds that Petitioner has failed to show he is entitled to relief under this standard. Petitioner cannot demonstrate a substantial claim of ineffective assistance of trial counsel (in fact he is not raising an ineffective assistance of trial counsel claim at all); that PCR counsel was objectively unreasonable in failing to raise it; and that, but for PCR counsel's errors, there is a reasonable probability that Petitioner would have received relief on his claim of ineffective assistance of trial counsel.

Because Petitioner cannot demonstrate that his trial court error claim was a cognizable habeas ground and that PCR counsel was ineffective under *Strickland* in failing to raise the claim, he cannot establish cause under *Martinez* excusing the procedural default of this claim.

2.    Ground Four: Ineffective Assistance of PCR Counsel; failed to preserve for record inconsistent testimony given by alleged victim.

Other than what is stated in his Petition, Petitioner does not elaborate on Ground Four. *See* ECF Nos. 30, 35. It appears that Petitioner is merely asserting ineffective assistance of PCR counsel in Ground Four rather than arguing that PCR counsel was ineffective for failing to raise certain trial counsel errors during the state collateral proceedings. As previously discussed, a

24

broad assertion of ineffective assistance of PCR counsel is not a viable habeas ground and the holdings of *Martinez* do not aid Petitioner in succeeding on such a ground. *See e.g.*, 28 U.S.C.A. § 2254 (i); *Martinez*, 132 S. Ct. at 1315; *Green v. Bush*, No. 2:14-2405-MGL, 2014 WL 6983352, at *3. Therefore, because this issue was procedurally defaulted, and because *Martinez* does not establish "cause" for the default, the undersigned recommends that the Respondent's Motion for Summary Judgment be granted as to Ground Four.[7]

IV.    Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

January 13, 2016
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[7] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Ground Four.